·Charles J. Garabedian *vs.* Gorham Manufacturing
Company.

NOVEMBER 17, 1939.

Present:   Flynn, C. J., Moss, Capotosto. Baker and Condon, JJ.

BAKER, J. This is a petition under the workmen's compensation act. After a hearing in the superior court, a justice thereof entered a decree ordering that the respondent pay the petitioner $131.63 for compensation, $250 for a doctor's bill and $164.25 for hospital expenses, in all $545.88. From the entry of this decree the respondent duly appealed to this court.

From the evidence it appeared that the petitioner, at the time of the occurrence involved herein, had been employed by the respondent company for some seventeen years as a grinder on emery wheels. His work involved lifting, and the tightening of nuts, in connection with the changing and operation of these wheels. The petition now before us was filed January 18, 1938, and by it the petitioner seeks to recover compensation and medical and hospital expenses by reason of an injury which he claims he suffered on October 13, 1936, from an accident "arising out of and in the course of said employment". The injury in question was alleged to be a double hernia.

The justice of the superior court who heard the petition found that the petitioner had suffered such a hernia on October 13, 1936, and that the respondent had prompt notice of the accident. Accordingly he awarded to the petitioner the sums hereinbefore referred to. The respondent does not question the matter of notice or the amount of the award. It contends, however, that the injury which the petitioner sets out in his petition as happening in October 1936 was not a new injury, but was merely a "kick-up" or

continuance of a previous hernia which the petitioner had suffered in November 1935, and which had been unsuccessfully treated at that time, and that any recovery under the present petition for such hernia is barred by the special statute of limitations in the workmen's compensation act.

The evidence in the case showed that the petitioner, while employed by the respondent, had, in the course of his employment, suffered hernias in March 1934 and in November 1935. On each of these occasions he had been operated upon by a doctor employed by the respondent company and had returned to his work apparently cured. In support of its position that the injury of October 1936 was not a new or original injury, the respondent introduced in evidence a petition for compensation, filed with the director of labor December 28, 1936, and signed by the petitioner, in which no reference was made to any injury having been suffered by him on October 13, 1936.

It was alleged in the petition of December 1936 that the petitioner had suffered a hernia on November 25, 1935, while working for the respondent, and that he had been twice operated upon unsuccessfully, and that he desired to have another operation by a surgeon of his own choosing. This petition of December 1936 was heard by the director of labor on July 19, 1937, and was denied and dismissed by him without prejudice. There is no explanation in the evidence of who drew such petition or how it came to be filed.

In regard to this petition of December 1936, the petitioner contends that it has no bearing on the issues now before the court; first, because the facts set out in said petition are on their face erroneous; second, it was denied and dismissed without prejudice to the petitioner's rights; and third, it relates to an injury suffered by the petitioner in November 1935 and not to the one suffered by him in

October 1936, which is the only subject of the present petition.

The respondent, however, maintains that, in deciding the instant cause, the trial justice overlooked the petition filed December 1936; that such oversight constitutes error of law reviewable by us; and that, by reason of the allegations contained therein, the petitioner is now estopped from seeking compensation for the alleged injury occurring October 13, 1936, as set out in the petition now before us. Undoubtedly the former petition was pertinent evidence for the trial justice to weigh in determining the question of whether or not the petitioner did actually suffer an injury by accident on October 13, 1936. Although the trial justice, in making his decision, did not refer specifically to that petition, we have no reason to assume that he did not have it in mind, or that he failed to give it proper consideration in deciding the issues before him.

In any event, we are unable to agree with the respondent's contention that the petitioner is now estopped from pressing his present petition merely because of the allegations set out in his former petition. In our judgment, the position taken by the petitioner that his rights under the instant petition have not been prejudiced as a matter of law by reason of the statements appearing in his earlier petition is sound. It has been held, under somewhat similar facts to those appearing herein, that a petitioner for compensation is not estopped from proceeding under a second petition. See *Smith* v. *Battjes Fuel & Bldg. Co.*, 204 Mich. 9; *Brown* v. *Shellabarger Mill & Elev. Co.*, 142 Ks. 476. The question before the trial justice, therefore, was whether or not, as a fact, the petitioner had suffered the injury alleged by him in the petition under consideration, in view of all the facts and circumstances appearing in evidence.

In support of his claim that he suffered a new and original injury on October 13, 1936 and not a "kick-up" or continu-

ance of a previous injury, the petitioner relied largely on the testimony of the physician who operated on him January 11, 1937. In that connection this physician testified as follows: Q. "At the time you performed the operation and you examined the previous operations, did it appear to you that they would have corrected the condition which he would have been suffering with at the time he was operated on previously?" A. "The condition that he was operated on previously was a different type of hernia; it was what we call the oblique type, and evidence at times seemed to point that the original ring of the oblique hernia was closed and still holding. The hernia for which I operated upon had occurred internally to that, in a different area, and is often the most frequent result of injury of strains, lifting, and things of that nature."

In view of this testimony, which indicated that, at the time of such operation, the petitioner was suffering from a hernia of a different type and in a different area from those for which he had been operated on previously, we are of the opinion that the finding of fact made by the trial justice, and embodied in the decree appealed from, namely, that the hernia which is involved in the present cause was new and of recent origin, is fully supported by legal evidence, even though the respondent seeks to draw contrary inferences from other evidence in the case, such as the previous petition hereinbefore referred to.

This being the situation, under the provisions of the workmen's compensation act, G. L. 1923, chap. 92, art. III, sec. 6 as amended (G. L. 1938, c. 300, art. III, §6) such a finding of fact becomes conclusive in the absence of fraud and is not reviewable by this court. *Natalia* v. *United Electric Rys. Co.*, 54 R. I. 183; *Bernier* v. *Narragansett Electric Co.*, 56 R. I. 438. We find no reason, therefore, for reversing the portion of the decree awarding the petitioner compensation.

The respondent also urges that the allowance by the superior court to the petitioner for his physician's bill and hospital expenses was unwarranted under the evidence. The material portion of the workmen's compensation act dealing with the question now raised, and in effect in October 1936, P. L. 1936, chap. 2358, sec. 4, is in part as follows: "The employer shall furnish reasonable medical and hospital services and medicines when they are needed; . . . . The employee shall have the right to select the physician by whom, and the hospital in which, he desires to be treated, and the employer shall become liable to such physician or hospital for the reasonable value of the services or treatment so rendered; *provided, however,* that the employer shall not become liable to the employee or to the physician or hospital for the services or treatment so rendered unless such physician or hospital shall give written notice to the employer within seven days after the beginning of such services or treatment that he or they have been so selected, and shall, in writing, present his or their claim to the employer for the payment of such services or treatment within three months after the conclusion thereof."

The respondent argues that it is not liable to the petitioner either for the physician's or for the hospital bill, unless the petitioner shows that the provisions of the statute in question have been complied with by proving that such physician or hospital has given said respondent the written notice called for by the terms of the statute. The respondent contends that the petitioner has the burden of proving the giving of such notice, and that said proof is a condition precedent to his recovering from the respondent his physician's and hospital bills. The petitioner, on the other hand, maintains, among other things, that the burden of showing that such notice was not given rests upon the respondent, the employer.

Upon consideration we are of the opinion that the position taken by the petitioner in regard to the matter of the burden of proof is sound. It is well settled that the workmen's compensation act is a remedial statute and is to be liberally construed and applied in order to effectuate its purpose. *McGuinness* v. *Cornell Construction Co.*, 62 R. I. 382, 6 A. 2d. 461. Further, in passing upon the first part of sec. 5, which was then substantially, although not exactly, in the form now applicable herein, the court in *Harding* v. *Imperial Printing & Finishing Co.*, 45 R. I. 390, at page 391, stated: "This language clearly means that the employer shall pay for such services and medicines."

In view of the mandatory character of the language used in the first part of the statute imposing the duty on the employer to make the payments in question, and the interpretation placed upon such language by the court in the above case, we are of the opinion that, in a petition brought under the workmen's compensation act by an injured employee to recover his hospital and medical expenses, the burden of proving the lack of the statutory notice from those furnishing the services is upon the employer, in this cause the respondent, in the event that such an affirmative defense is available to the employer under the facts appearing in evidence.

In the present cause the respondent failed entirely to sustain the above-mentioned burden of proof. It introduced no evidence whatever to prove that either the physician or the hospital involved herein had not given to such respondent the notice required by the statute. The testimony of an adjuster of an insurance company that he had received no bills either from the physician or the hospital for services rendered the petitioner had no bearing on the question of whether or not the *respondent* had received the proper statutory notice. We find, therefore, that, under all the evidence submitted in this cause, the decision of the trial

justice awarding to the petitioner the amount of his physician's and hospital bills was correct.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Cooney & Kiernan, Theodore Jaffe,* for petitioner.

*Henry M. Boss,* for respondent.